UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| COLONY INSURANCE COMPANY<br><br>Plaintiff<br><br>v.<br><br><br>JILL G. LAGACE, as personal representative of the Estate of Juan Macario Mejia and of the Estate of Tomas Gomez de la Cruz;<br><br>LIONEL GONCALVES, as trustee of L&M Realty Trust;<br><br>NORFOLK & DEDHAM MUTUAL FIRE INSURANCE COMPANY, as subrogee;<br><br>CHOCOLATE COM PIMENTA CORPORATION;<br><br>CONSTANTINA M. COSTA<br><br>Defendants | |

## **COMPLAINT OF INTERPLEADER AND FOR DECLARATORY RELIEF**

### **Introduction**

Colony Insurance Company files this action of interpleader pursuant to 28 U.S.C. § 1335 and Fed. R. Civ. P. 22, and for declaratory relief pursuant to 28 U.S.C. § 2201, with respect to the parties' rights and obligations under a policy of liability insurance, arising from a fire that occurred on April 19, 2021 in New Bedford, Massachusetts. Certain of the defendants have asserted competing claims to amounts payable under the insurance policy.

Colony is prepared to pay the amount available under the policy to resolve some or all of the claims. It seeks to deposit funds into the registry of the Court, pursuant to Fed. R. Civ. P. 67 and Local Rule 67.2, and to be discharged from this proceeding, leaving the other parties to litigate between themselves as to proper allocation of the funds. Colony also seeks related declaratory relief.

## Parties

1. The plaintiff, Colony Insurance Company ("COLONY"), is a Virginia insurance company with a principal place of business in Virginia.

2. Defendant Chocolate Com Pimenta Corporation ("CHOCOLATE") is a business organized as a Massachusetts corporation with a principal place of business in New Bedford, Bristol County, Massachusetts. CHOCOLATE is the owner of a building at 1273-79 Acushnet Avenue in New Bedford ("the CHOCOLATE BUILDING").

3. Defendant Constantina M. Costa ("COSTA") is an individual who lives in Acushnet, Bristol County, Massachusetts. COSTA is a director and officer of CHOCOLATE.

4. Defendant Jill G. Lagace ("LAGACE") is an individual and a Massachusetts attorney who resides and practices in East Taunton, Bristol County, Massachusetts. LAGACE serves as the appointed personal representative of the estates of two deceased former residents of the Chocolate Building, the Estate of Juan Macario Mejia and the Estate of Tomas Gomez de la Cruz.

5. Lionel Goncalves ("GONCALVES") is an individual who resides at 586 Old Westport Road, Dartmouth, Bristol County, Massachusetts. GONCALVES is the sole trustee

of the L&M Realty Trust, and is owner of property at 1283-89 Acushnet Avenue, New Bedford ("the L&M PROPERTY").

6. Norfolk & Dedham Mutual Fire Insurance Company ("NORFOLK & DEDHAM") is an insurance company organized as a Massachusetts corporation with a principal place of business in Dedham, Norfolk County, Massachusetts. NORFOLK & DEDHAM provided a property-insurance policy covering the L&M PROPERTY, and, as described further below, asserts certain claims as subrogee under that policy.

## Jurisdiction and Venue

7. This Court has diversity subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1332. The matter in controversy exceeds the sum or value of $75,000, and is between citizens of different states. COLONY is a citizen of Virginia. The defendants are citizens of Massachusetts.

8. Interpleader is authorized in this matter under the federal interpleader statute, 28 U.S.C. § 1335 and Fed. R. Civ. P. 22. COLONY has in its possession and custody money or property of the value of more than $500, having issued an insurance policy as described further herein. There is diversity of citizenship between COLONY and the defendants.

9. Declaratory relief is authorized under 28 U.S.C. § 2201.

10. This Court has personal jurisdiction over all of the defendants, as they are residents of Massachusetts.

11. There is an actual and ripe controversy between the parties because, as set forth herein, the defendant claimants have asserted competing claims against the indemnity amount available under the subject insurance policy.

12. Venue is proper in this Court, as the defendants reside in this District and Division.

### The Fire and the Claims

13. On April 19, 2021, at about 12:13 a.m., a fire began in an alleyway adjacent to the CHOCOLATE BUILDING. The fire spread to the building, and resulted in the deaths of Juan Macario Mejia and Tomas Gomez de la Cruz, who were residents of the building.

14. LAGACE, as personal representative of the estates of Mr. Mejia and Mr. de la Cruz, has filed a lawsuit in the Bristol County, Massachusetts Superior Court, Case No. 2273CV00274 ("the LAGACE LAWSUIT"). The lawsuit names as defendants CHOCOLATE, which owns the CHOCOLATE BUILDING, and COSTA, a director and officer of CHOCOLATE. LAGACE alleges that the deaths of Mr. Mejia and Mr. de la Cruz in the April 2021 fire were caused by the negligence and/or other tortious conduct of CHOCOLATE and COSTA in allegedly failing to provide adequate protection of residents in the event of a fire.

15. The L&M PROPERTY was also damaged in the April 2021 fire. NORFOLK & DEDHAM paid benefits to GONCALVES under the policy of property insurance for the L&M PROPERTY. On that basis, NORFOLK & DEDHAM as subrogee has asserted a claim against CHOCOLATE, alleging that the damage to the L&M PROPERTY from the fire was caused by the negligence and/or other tortious conduct of CHOCOLATE.

## The Colony Policy

16.     COLONY issued a policy of Commercial General Liability insurance to CHOCOLATE (Policy No. 101 GL 0192998-00; "the COLONY POLICY") for the policy period beginning August 29, 2020 and ending August 29, 2021. The COLONY POLICY provides that, subject to other terms and conditions, COLONY "will pay those sums that the insured becomes legally obligated to pay as damages because of bodily injury or property damage to which this insurance applies." CHOCOLATE is an insured under the COLONY POLICY, and COSTA is an insured "with respect to her duties as CHOCOLATE's officer and/or director."

17.     The COLONY POLICY provides a limit of $1,000,000 for each "occurrence." The policy says that this is "the most [COLONY] will pay" for damages "because of all bodily injury and property damage arising out of any one occurrence." This limit applies "regardless of the number of... insureds; [or]... claims made or suits brought; or... persons or organizations making claims or bringing suits." The April 2021 fire was a single occurrence within the meaning of the COLONY POLICY.

## Count I: Claim of Interpleader

18.     COLONY repeats and incorporates herein the allegations in Paragraphs 1-17.

19.     COLONY is prepared to pay $1,000,000 to resolve claims of bodily injury and/or property damage against CHOCOLATE and COSTA arising from the April 2021 fire ("the COLONY PAYMENT").

20.     There is a substantial possibility that the total amount needed to settle all claims against CHOCOLATE and/or COSTA arising from the April 2021 fire, and to pay any

judgments obtained against CHOCOLATE and/or COSTA arising from the fire, will exceed $1,000,000.

21. Accordingly, COLONY seeks to deposit the COLONY PAYMENT ($1,000,000) into the registry of the Court, and to be discharged from this proceeding, leaving the other parties to litigate between themselves as to proper allocation of the funds.

## Count II: Claim for Declaratory Relief

22. COLONY repeats and incorporates herein the allegations in Paragraphs 1-17.

23. Interpleading the COLONY PAYMENT to resolve claims against CHOCOLATE and COSTA fully satisfies COLONY's duty of indemnity arising from the April 2021 fire. The Court should so declare.

24. Interpleading the COLONY PAYMENT is also consistent with Colony's duty to defend CHOCOLATE and COSTA under the COLONY POLICY, including any duty to seek settlements on their behalf. COLONY's duty to defend will terminate upon entry of a judgment allocating the $1,000,000 between claimants. The Court should so declare.

25. Interpleading the $1,000,000 also satisfies any statutory or other legal obligation COLONY may owe to the claimants. The Court should so declare.

## Relief Sought

Therefore, COLONY requests that the Court:

(a) Enter an order pursuant to Fed. R. Civ. P. 67 and Local Rule 67.2 authorizing COLONY to deposit funds into the Court's registry.

    (b)    Enter a separate and final judgment:

        i.    Declaring that depositing the COLONY PAYMENT fully satisfies COLONY's duty to indemnify under the COLONY POLICY;

        ii.    Declaring that in depositing the COLONY PAYMENT with the Court, COLONY has acted consistently with its duty to defend under the COLONY POLICY, including any duty to seek settlements;

        iii.    Declaring that COLONY's duty to defend will terminate upon entry of a judgment allocating the COLONY PAYMENT between claimants;

        iv.    Declaring that depositing the COLONY PAYMENT satisfies any statutory or other legal obligation COLONY may owe to the claimants; and

        v.    Dismissing COLONY from this case, to allow the remaining parties to litigate the proper allocation of the COLONY PAYMENT between them.

November 7, 2022

        COLONY INSURANCE COMPANY
        By Its Attorney

        */s/ William L. Boesch*
        William L. Boesch (Mass. Bar 558742)
        boesch@sugarmanrogers.com
        SUGARMAN ROGERS BARSHAK & COHEN, P.C.
        101 Merrimac Street
        Boston, MA 02114
        617-227-3030